BRUCKER VS. THE STATE.

Chapter 209, Laws of 1860, which provides for the drawing of the names of seventeen persons to serve as grand jurors, and that no more than seventeen, nor less than fifteen persons shall be sworn on any grand jury, is constitutional.

At common law, a grand jury must consist of not less than twelve nor more than twenty-three grand jurors, but within these limits the number is indeterminate and immaterial.

It is competent for the legislature within the limits prescribed by the common law, to increase or diminish the number of grand jurors to be drawn and returned, without infringing the rights of the accused, as secured by the constitution.

Where the jury in a criminal case retire to consider of their verdict, it is necessary that the usual oath be administered to the officer taking them in charge, and it error to disregard this rule.

It seems that the officer should be sworn in each case, instead of being sworn generally at the commencement of the term.

ERROR to the Circuit Court for *Buffalo* County.

The plaintiff in error was indicted for murder, and pleaded in abatement of the indictment matters stated in the opinion of the court, upon which plea judgment of *respondeat ouster* was entered, and the plaintiff in error excepted thereto. The defendant then pleaded not guilty, and was tried, convicted of manslaughter in the first degree, and sentenced to confinement at hard labor in the state prison for the term of seven years, ten days of said term to be passed in solitary confinement. Such other facts as are material to the decision of the court are stated in its opinion.

*E. Fox Cook & C. K. Lord*, for the plaintiff in error, contended that judgment on the plea in abatement, should have been entered in favor of the accused, and cited Art. 5, of amendments to the Const. of U. S., and Sec. 8, Art., 1 Const. of Wis.; *Millett vs. Hayford*, 1 Wis., 401; *May vs. Mil. & Miss. R. R. Co.*, 3 Wis., 219; *Cancemi vs. The People*, 18 N. Y., 128; *Com. vs. Wood*, 2 Cush., 149; *State vs. Symonds*, 36 Maine, 128; *Work vs. State*, 2 Ben. & Heard, Crim. Cas., 327.

*The Attorney General*, for the State.

*By the Court*, DIXON, C. J. Of the numerous exceptions contained in the record, we deem it important to notice but two,—that to the organization of the grand jury, by whom the indictment was preferred, and that to the refusal of the court to cause the sheriff's deputy in charge of the petit jury

-about retiring to consider their verdict, to be sworn to the faithful performance of his duties.

The plaintiff in error was indicted for murder at a term of the circuit court, for the county of Buffalo, held in September, 1861, by a grand jury chosen and summoned as prescribed by chapter 209, Laws 1860. The act provides for the drawing of the names of seventeen persons, to serve as grand jurors, and that no more than seventeen, nor less than fifteen persons, shall be sworn upon any grand jury. The objection which was raised by plea in abatement is, that under section 8, Article 1, of the Constitution, " no person shall be held to answer for a criminal offense, unless on the presentment or indictment of a grand jury, except in cases of impeachment," &c., and that a grand jury cannot be constituted of less than twenty-three persons, or that if a smaller number may be actually sworn, still it is incompetent for the legislature to declare by statute that less than twenty-three shall be drawn and summoned. The foundation of the objection is, that this was the rule at common law recognized by the constitution, against which the legislature has no power to provide. Upon examination of the authorities, we find no such fixed common law principle. The only inflexible rule with respect to numbers seem to have been that there could not be less than twelve nor more than twenty-three jurors. The concurrence of twelve was necessary to find a bill, and there could not be more than twenty-three, in order that twelve might form a majority. Hawk P. C., B. 2, c. 25, sec. 16; 2 Hale's P. C., 161; 3 Black., 576, note; 1 Chitty Cr. L., 306; 4 Bacon's Abr., *Indictment* (C) (b) and *Juries* (A). Within these limits the number was indeterminate and immaterial. There might be more or less, and still constitute a good jury. From a note, 4 Bacon's Abr. *Juries* A, it appears that the grand juries, returned to serve in the King's Bench in Middlesex, consist of sixteen, seventeen or more. We are of opinion therefore, that it is competent for the legislature, within the limits prescribed by the common

law, to increase or diminish the number of grand jurors, to be drawn and returned, without infringing the rights of the accused, granted by the constitution.

The other exception must, we think, be ruled in favor of the plaintiff in error. After the trial was closed and the judge had given the cause in charge to the jury, the counsel for the accused requested that the officer to whose custody the jury were to be committed, might be sworn, which was refused. This was error. The practice established for very obvious reasons of wisdom and propriety, of requiring an oath in such cases, is very ancient, and ought not to be disregarded. Lord Hale says, (2 Pleas of the Crown, 296), "When the jurors depart from the bar, a bailiff ought to be sworn to keep them together and not suffer any to speak to them." And Mr. Chitty (1 Crim. Law, 632,) lays down the same rule, giving the oath as then administered in England. The bailiff must swear to keep the jury without meat," &c., "to suffer no one to speak to them, nor to speak to them himself, except to ask them whether they are agreed." These are observances so necessary to the pure and correct administration of criminal law, that we do not think they can be too rigidly enforced.

Whether the practice said to prevail in some of the states, of swearing the sheriff generally at the commencement of each term, would satisfy the requirements of the law, we express no opinion. It does not appear that any oath was administered in the case. The nature and importance of the duties to be discharged, as well as the rules of the common law, would seem to demand that the oath be taken in each case.

Judgment reversed and a new trial granted.